A. L. RHOMBERG v. J. C. MCLAREN, TAX COLLECTOR.

No. 99.

1. **Unorganized County as a School District.** — The unorganized county of S. was never any part of the territory of J. county; and the fact that it was attached to J. for judicial purposes, under section 1, article 9, of the Constitution, did not authorize the Commissioners Court of such latter county to declare such unorganized county a school district, and to order an election to determine the question of levying a special school tax therein.

2. **School Tax— Petition for, by Tax Paying Voters of the District.**—Article 3733 of the Revised Statutes, which provides that an election to determine the levy of a district school tax may be ordered upon the petition of twenty or more qualified property holding tax paying voters, does not require that their names should appear upon the assessment rolls, and does not make such rolls the exclusive evidence of the qualification of the petitioners.

3. **School District Tax— Separate Assessment Rolls for.**—Where the assessor, instead of providing a separate assessment roll therefor. extended a special school tax in a separate column upon the general State and county tax rolls, on the margin of which it was shown to what school district the tax belonged, *held*, that though defective, yet equity would not on this ground alone enjoin the collection of the tax.

APPEAL from Stonewall.    Tried below before Hon. J. V. COCKRELL.

*Dan. M. Jones* and *J. F. Cunningham*, for appellant. — 1. A school election for the school district composed of the unorganized county of Stonewall having been duly ordered, as authorized by the Constitution and laws, and having been duly held August 10, 1887, no other election for such purpose could thereafter be held until the expiration of two years from said date; and the fact of the organization of Stonewall County during such two years would make no difference.    Const., art. 7, secs. 1–3; Sayles' Civ. Stats., arts. 3723, 3724, 3731, 3764, 3732, 3733a, 3733e,. 3733f, 3733g, 3733h.

2. A qualified voter and a qualified petitioner in special school elections must be a property holding tax payer, as shown by the previous assessment roll.    Sayles' Civ. Stats., arts. 3733, 3733b.

3. The failure of the assessor to place a special school tax on a separate assessment roll. as the statute requires, will vitiate the tax.    Sayles' Civ. Stats., art. 3733h; Cool. on Tax., 2 ed., 424, 427, 428; High. on Inj., sec. 550; Folkerts v. Power, 42 Mich., 283.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought to enjoin the collection of a school tax levied in Stonewall County.    There was a trial before the court below without a jury, upon an agreed statement of facts. The assignments of error raise questions of law only.

In August, 1887, while Stonewall County was an unorganized county and attached to Jones County for judicial purposes, an election was held in the territory covered by Stonewall County, by which a school tax of 12½ cents on the $100 worth of property was voted, in pursuance of the orders of the Commissioners Court of Jones County, declaring said entire territory to be one school district, and providing for an election therein to determine whether said tax should be levied.    The election

was duly held, the result declared, and the tax levied by the Commissioners Court of Jones County.

Thereafter, on the 28th day of December, 1888, Stonewall County was duly organized, and in February following the Commissioners Court of the newly organized county created two school districts out of its territory, and defined their limits and boundaries, without first obtaining the will of the majority of the voters of said districts.

In March, 1889, said Commissioners Court ordered an election in school district number 1, at which a tax of 20 cents on the $100 worth of property was voted; whereupon the Commissioners Court declared the result of the election, and levied the tax which appellant by this suit sought to enjoin. This election was ordered upon the petition of more than twenty qualified property holding tax paying voters of said district; but the names of less than twenty of them, to-wit, nineteen only, appeared upon the last assessment roll of the county.

1. The first contention of appellant is, that the court erred in holding that Jones County had no authority to create the unorganized county of Stonewall a school district and order an election therein for the purpose of voting a school tax. The Constitution, article 7, section 3, authorizes the Legislature to provide for the formation of school districts within all or any of the counties of this State.

In pursuance of the provision of the Constitution, article 3731 of the Revised Statutes makes it the duty of the County Commissioners Court of all counties not exempted from that section of the Revised Statutes to subdivide their respective counties into convenient school districts.

Article 9, section 1, of the Constitution, provides, that territory exterior to existing counties may be divided into counties in advance of population, and attached for judicial and land surveying purposes to the most convenient organized county or counties. Section 12 of this article provides, that lands lying in and owned by nonresidents of unorganized counties shall be assessed and taxes thereon collected at the office of the Comptroller. Stonewall County never was any part of the territory of Jones County.

Our conclusion is, that the Commissioners Court of Jones County had no authority under the Constitution and laws of this State to declare the unorganized county of Stonewall a school district, and that the proceedings which resulted in the levy of the 12½ cents school tax by the commissioners of Jones County were void. Appellant's second contention, that there was error in holding that the organization of Stonewall County made void the election previously held under the order of the Commissioners Court of Jones County, is therefore rendered immaterial, and must be denied.

2. The issue raised by the third assignment of error is, that though the

petition for the election ordered by the Commissioners Court of Stonewall County may have been signed by twenty or more qualified property holding tax paying voters residing in the district, the election was nevertheless void, because less than twenty of these names were shown by the last assessment roll of the county. Article 3733 of the Revised Statutes, which provides for ordering such an election upon the petition of twenty or more qualified property holding tax paying voters, does not require that their names should appear upon the assessment rolls. Article 3733b, however, which states the qualification of the voters at the election and not of the petitioners for the election, declares, that all persons who are legally qualified voters of the State and county of their residence, and who are resident property tax payers in said district, as shown by the last assessment roll of the county, shall be entitled to vote, etc. The Constitution, article 7, section 3, prescribes the same qualifications, without the phrase "as shown by the last assessment roll of the county." This phrase is also omitted in the next succeeding article of the statute, which prescribes the proof to be made of the requisite qualification by a party whose vote has been challenged. We conclude, that the statute has not made the assessment roll the exclusive evidence of the qualification of the petitioners, and that the petition in this case was a sufficient predicate for ordering the election.

3. The fourth assignment reads as follows: "The court erred in his finding of law, wherein he finds that the levy of school taxes in precinct number 1 is valid." Several propositions are submitted under this assignment, all of which are disposed of by the preceding conclusions. It is therefore not necessary that we should decline to consider these propositions on account of the very general character of the assignment.

4. The fifth and last assignment asserts the invalidity of the tax, because the assessor failed to provide a separate tax roll for said school district, as required in article 3733h, but entered the same on the margin of the general State and county rolls. The authority relied on is the case of Folkerts v. Power, 42 Michigan, 283. That case arose under statutes materially different from our own. The school tax was required to be placed on the "city roll." A separate tax warrant was required to be issued for the collection of the tax on the city roll, and the time of its collection differed from that of collecting taxes on the general State and county roll, upon which the school tax in that case was placed. Our statute, article 3733h, provides, that the tax assessor shall assess and the collector shall collect said district school taxes as other taxes. No tax warrant is required. While it is made the duty of the tax assessor to make a separate roll for each school district, we are of the opinion that the failure to provide such a roll is not fatal to the validity of the tax. We are of opinion that the action of the assessor in extending the school tax in a separate column upon the general State and county tax rolls, on the mar-

gin of which it was shown to what school district the tax belonged, though defective, was sufficient to warrant the collection of the tax. At all events, it is held in this State, that a court of equity will not on this ground alone enjoin the collection of the tax. Harrison v. Vines, 46 Texas, 15; George v. Dean, 47 Texas, 84.

It follows from these conclusions that the judgment must be in all things affirmed.

*Affirmed.*

Delivered February 23, 1893.