J. C. HILLSMAN ET AL. V. PERCY FAISON, COUNTY ATTORNEY.

Decided April 27, 1900.

School Districts—Property Qualification of Voters.

In an election held under article 3998, Revised Statutes, in a school district incorporated for school purposes only, to determine whether a tax shall be levied for school purposes, a property-owning citizen is not, under the statutory requirement that he must be a taxpayer in such district, disqualified from voting by the fact that his name does not appear as a taxpayer on the last assessment rolls of the county preceding the election.

APPEAL from Fayette. Tried below before Hon. H. TEICHMUELLER.

*Brown, Lane & Garwood* and *Wolters & Lane,* for appellants.

*Robson & Duncan, Ed. H. Moss* and *Percy Faison,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellants instituted this suit against the county attorney of Fayette County to contest an election held in the town of Ledbetter, in said county, on the 24th day of July, 1899, to determine whether or not a tax should be levied for school purposes, said town of Ledbetter and adjacent territory having been incorporated for school purposes only under the provisions of chapter 15, Revised Statutes. The result of the election, as declared by the proper officers, was in favor of said tax, the vote being 35 to 16. It is admitted that twelve of the thirty-five voters who voted in favor of said tax were not assessed as taxpayers upon the assessment rolls of Fayette County for the year 1898, which rolls were closed August 15, 1898, and were the last assessment rolls of said county prior to said election. Each and all of said twelve voters are qualified voters of said county and incorporated territory, and were, on the 1st day of January, 1899, and at the time of the said election, owners of property situate within said incorporated territory, subject to taxation.

Appellants contend that the court below erred in holding that said

twelve voters whose names do not appear upon the last assessment rolls of said county preceding said election were legal voters at said election. This is the only issue presented for our determination. Article 3998, chapter 15, of the Revised Statutes, under which the election in question was held, provides that "no person shall vote at said election unless he be a qualified voter under the Constitution and laws of this State, and a taxpayer in said incorporated district * * *." Appellants insist that although said twelve voters are qualified voters of said incorporation under the Constitution and laws of this State, they are not taxpayers in said district within the purview of the statute above quoted, because their names do not appear upon the last assessment rolls of said county, and therefore they were not entitled to vote at said election. In support of their contention appellants cite article 3942 of the Revised Statutes, which is as follows: "All persons who are legal qualified voters of this State and of the county of their residence, and who are resident property taxpayers in said district, as shown by the last assessment rolls of the county, shall be entitled to vote in any such school district * * *." This article of the statute is contained in chapter 10 of the Revised Statutes, and refers to elections held in school districts created by the commissioners court under the provisions of said chapter 10; and it is not contended that it controls the election in question in this case, and is only cited as showing legislative construction in pari materia. Section 3, article 7, of the Constitution authorizes the levy of a tax for school purposes, in school districts, "provided that two-thirds of the qualified tax-paying voters of the district voting at an election to be held for that purpose shall vote such tax." We do not think the Legislature, in the article of the statute last quoted, intended to require any additional qualification to entitle a person to vote at an election to determine whether or not a tax should be levied for school purposes, to those prescribed by the Constitution, and by the clause in said article, "as shown by the last assessment roll of said county," only intended to designate a method of ascertaining who were property taxpayers of said district. We think this is evident from the next succeeding article, which provides as follows: "Any person may challenge a voter, but if the challenged party takes an oath that he is a qualified voter of the State and county, and that he is a resident property taxpayer in said district, he shall be entitled to vote." Construing these two articles together, it is clear that it was not the intention of the Legislature to restrict the right to vote at such election to those only whose names appear upon the last assessment rolls of the county; and if the election in question in this case was controlled by these articles, we would hold that the mere fact that a voter's name did not appear upon the last assessment rolls of the county would not disqualify him to vote at said election.

But the construction of these articles of the statute is not necessary to the decision of this case, as the article of the statute under

which the election in question was held contains no provision as to the assessment rolls of the county, and in prescribing the qualification of the voter adopts language similar to that used in the article of the Constitution before quoted. Under this article it is clear that it is not required that said twelve voters, in order to entitle them to vote at the election in question, should have been assessed by the county assessor the year previous to that in which said election was held, nor that said assessment should appear upon the rolls of said county. Rhomberg v. McLaren, 2 Texas Civ. App., 391. The ownership of property on the first day of January of any year creates a liability on the part of the owner for the taxes levied upon said property for said year. The cases cited by appellant do not bear out his contention that a person can not be a taxpayer in the meaning of the statute until the taxes due on his property have been assessed. These cases only hold that the State can not enforce the payment of taxes before an assessment has been made and the amount of the taxpayer's liability thereby fixed. The court below correctly held that said twelve voters were qualified to vote at said election, and the judgment is affirmed.

*Affirmed.*