Matter of the Application of GATES KERSBURG for a
Writ of Certiorari to JAMES P. HARRITY, CHARLES L.
O'CONNOR and JOHN A. GERSTUNG, Commissioners
of the City of Lackawanna, New York.

(Supreme Court, Erie Special Term, September, 1917.)

Liquor Tax Law, as amended by chapter 623 of Laws of 1917 — applica-
tion for writ of certiorari denied — statutes — evidence.

Upon an application for a writ of certiorari to review the
determination of commissioners appointed by the mayor of the
city of Lackawanna, pursuant to the provisions of the Liquor
Tax Law, as amended by chapter 623 of the Laws of 1917, *held,*
that one who became the owner of real estate therein before
said statute took effect was legally qualified to act as commis-
sioner.

That under subdivision 7 of section 8 of said statute of 1917
the purpose and intent is declared to be to reduce the number
of places wherein the trafficking in liquor may be continued to a
given ratio on October 1, 1917, and to prevent after that date
the issuance of any more liquor tax certificates in excess of the
given ratio.

That upon the evidence the commission so appointed by the
mayor of said city has complied with paragraph 5 of subdivision
3 of section 8 of the statute in designating the places to be dis-
continued and those to be continued.

That as there is nothing in subdivision 3 of section 8 of
said statute of 1917 upon which a claim can be based that the
commission is required to perform *quasi* judicial functions and
no provision for a procedure contemplating the examination of
witnesses or the taking of evidence, their acts in making the
selections are not judicial in character and not reviewable by
certiorari.

APPLICATION for a writ of certiorari.

Lafay C. Wilke, for petitioner.

16

Thomas L. Newton, for commissioners.

Aaron Fybush, for John Nowak, an interested party.

Harry V. Sanders, for the commissioner of excise of the state of New York, and the special deputy commissioner of Erie county.

BISSELL, J. This is an application for a writ of certiorari to review the determination of commissioners appointed by the mayor of the city of Lackawanna pursuant to the provisions of the Liquor Tax Law, as amended by chapter 623 of the Laws of 1917. The granting of the writ is urged upon three grounds: *First,* that one of the commissioners, Charles L. O'Connor, was not qualified to act, for the reason that he was not a taxpayer at the time of his appointment; *second,* that the commissioners failed to comply with the provisions of subdivision 3 of section 8 of the Liquor Tax Law as amended, and, *third,* that the acts of the commissioners show fraud, prejudice and partiality in the manner in which they performed their duties and carried on the functions for which the commission was created.

It appears that in the city of Lackawanna there now exist 139 places where trafficking in liquors has been engaged in under certificates heretofore issued, and that the effect of the recent amendment to the Liquor Tax Law will eliminate 108 of such places, and reduce the number of certificates that may lawfully be issued to 31. The law provides that: " Within twenty days after the taking effect of this act, the mayor of each of such cities, and the town board of each of such towns shall appoint a commission to consist of three members, who shall be residents and taxpayers of the city or town and shall not be interested, directly or indirectly, in the manufacture, production, distribution or

sale of liquors. The persons so appointed as members of such commission shall be persons of good standing in the community and shall have had practical experience in business affairs and be acquainted with commercial and social conditions in the city or town for which they are appointed. * * * The commissioner of excise shall investigate as to the qualifications of the persons so appointed, and may approve of such appointments, in which case he shall notify the mayor or supervisor of such fact; if satisfied that any one or more of such persons are not qualified to serve as members of such commission, he may appoint other persons to serve in their places as members of such commission.''

It appears without dispute that Charles L. O'Connor, the commissioner who it is claimed is disqualified because he was not a taxpayer, became the owner of a piece of real property in the city of Lackawanna on the 2d day of May, 1917, and that the law in question became effective on the 22d day of May, 1917.

The Standard Dictionary defines a taxpayer as '' One who pays any tax or is liable to pay any tax.''

'' Taxpayer '' as used in revised statute, article 3942, providing that all persons who are legally qualified voters of the state and of the county of their residence, and who are resident taxpayers in said district, as shown in the last assessment rolls of the county, shall be entitled to vote in any such school district, does not mean only those whose names appear on the last assessment rolls of the county, but means one owning property within the territory subject to taxation. To constitute a taxpayer in the meaning of the statute, it is not necessary that the taxes due on his property should have been assessed. *Hillsman* v. *Faison,* 57 S. W. Rep. 920, 922; 23 Tex. Civ. App. 398.

I am, therefore, of the opinion that Mr. O'Connor

possessed the legal qualifications of a commissioner at the time of his appointment by the mayor and the approval of his appointment by the commissioner of excise.

Under subdivision 7 of section 8 of the amendment to the Liquor Tax Law, the purpose and intent of the amendment is declared to be to reduce the number of places to a given ratio on October 1, 1917, and to prevent after that date the issuance of any more certificates in excess of a given ratio.

By paragraph 5 of subdivision 3 of section 8 it is provided that " The said commission shall prepare a written statement containing a description of the places where such trafficking in liquors may be continued, giving the street and number, if any, and the names of the holders of the liquor tax certificates under which such trafficking was engaged in at the time of the investigation. Such statement shall also contain a like description of the places where trafficking in liquors is engaged in, for which liquor tax certificates are not to be issued for the ensuing year in order to reduce the number of places where trafficking in liquors may be engaged in under such subdivision to the ratio herein prescribed.''

The petitioner claims that the commission acted illegally in describing in the statement filed by it three certain places as places where liquor shall not be trafficked in, to wit, in describing No. 1 Ridge road, under the name of Dennis Doyle, who is now trafficking in liquor at such place, and of 1310 Hamburg turnpike, under the name of William S. Bechtold, who is now trafficking in liquor at such place, and of 1560 Hamburg turnpike, under the name of John Tomaka, who is now trafficking in liquor at such place; and by then describing all of such places under the names of new occupants where the trafficking in liquors

may be continued in, and to whom liquor tax certificates may be issued. The only effect of giving the name of a license holder at the time of the investigation was to further describe and identify the place by description. The only other purpose for which the name of a new license holder could be of any use in describing premises would be for the guidance of the state commissioner of excise in informing him as to the person to whom the license for a place should be issued. The statement prepared by the commission must be taken as a whole, and not as two separate statements, and, when it appears therefrom that places are described so that the plain intent of the commission is expressed, the law has been complied with for the purpose of carrying into effect the intent of the act. The place, No. 1 Ridge road, is described not only by the street and number, but also by the designation of Doyle as the present license holder, and this place the commission determined should be discontinued under Doyle as the holder of the license, but that a license should be given to one McDonald, who has obtained a lease of No. 1 Ridge road, the lease to take effect October 1, 1917; and for that reason in the statement No. 1 Ridge road the name of McDonald as a part of its description is designated, and from that statement the state commissioner of excise knows that McDonald on October 1, 1917, is the person who is identified with said premises. It would seem that in this proceeding neither Mr. Doyle, nor Mr. Tomaka, or Mr. Bechtold, has made affidavits, nor complained of the action of the commission, which was unanimous in designating these three places and the others composing the thirty-one places named and described in the statement as places to be continued under other persons as license holders.

I am, therefore, of the opinion that the commission

complied with paragraph 5 of subdivision 3 of section 8 of the law in designating the places to be discontinued and in designating the places to be continued.

The petition and affidavits presented in support of the contention that the acts of the commissioners were fraudulent fail to state facts sufficient to constitute any fraud or misconduct on their part. It was perhaps to be expected that the sudden and arbitrary reduction of the number of places where trafficking in liquors could be engaged in after October 1, 1917, in the city of Lackawanna, and in other municipalities throughout the state, and which would result in the elimination of some, and the selection of others, by commissioners appointed as provided by chapter 623 of the Laws of 1917, would result in disappointment and claims of fraud, partiality and prejudice. The situation thus created opens the door to opportunities for fraud, and also to charges of fraud. But fraud must be proved by a fair preponderance of evidence, by facts, and not by conclusions of witnesses. Not only do the moving papers fail to establish facts from which a reasonable inference of fraud or misconduct on the part of the commissioners can be drawn, but the answering affidavits clearly show that the commissioners acted in good faith. Of 108 license holders who will lose their licenses on October first by the determination of the commissioners, only one has made an affidavit from which an inference is sought to be drawn which charges the commissioners with misconduct, and the allegations of this affidavit are contradicted and disproved by the commissioners.

The counsel for the commission contends that a writ of certiorari will not lie in a proceeding of this kind, and from an examination of the law I am satisfied that he is right in his contention. A writ of certiorari may only be issued as permitted by section

2120 of the Code of Civil Procedure, which allows it in only two instances, viz., where the right thereto is conferred by statute, or where the writ may be issued by common law and has not been expressly taken away by statute. The common-law writ will issue to review only the decisions of inferior judicial or *quasi* judicial tribunals, and will not lie except where the question to be reviewed is clearly of a judicial character. *People ex rel. Republican & Journal Co.* v. *Wiggins,* 199 N. Y. 382.

The fact that public officers or agents may exercise judgment and discretion in the performance of their duties does not of itself make their action judicial in character so as to subject it to review by certiorari. *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 id. 253, 257.

Subdivision 3 of section 8 provides as follows:

" The commission so appointed in each of such cities and towns shall, before August tenth, nineteen hundred and seventeen, investigate as to the location of places within such city or town where trafficking in liquors is engaged in under liquor tax certificates issued under subdivision one of this section, and may inquire as to the conduct of such business at such places. Upon the completion of such investigation and inquiry, which shall be on or before September first, nineteen hundred and seventeen, the said commission shall determine as to the places within such city or town, not exceeding the ratio of one for each five hundred of the population thereof, where trafficking in liquors may be continued during the ensuing year, beginning October first, nineteen hundred and seventeen, under liquor tax certificates issued under subdivision one of this section.''

There is nothing provided in this section upon which a claim can be based that the commission is re-

quired to perform *quasi* judicial functions. There is
no provision for a procedure contemplating the ex-
amination of witnesses or the taking of evidence, and
the passing upon such method of reaching a conclusion.
The commission's functions in making the selections
are purely ministerial, calling for the exercise of judg-
ment and discretion after investigation and inquiry.
They are not judicial in character. Therefore their
acts in making the selections are not reviewable under
a writ of certiorari.

The application for a writ must therefore be denied,
with ten dollars costs.

Application denied, with costs.