WINTERS et al. v. INDEPENDENT
SCHOOL DIST. OF EVANT. *
(No. 5977.)

(Court of Civil Appeals of Texas. Austin. Dec.
4, 1918. Rehearing Denied Feb. 5, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊚⟿103(2)
—ELECTIONS—QUALIFIED VOTERS.

Owner of property subject to taxation could
vote in an election held in an independent school
district to determine whether or not the district
should levy an additional school tax, although
being 70 years old, he was not subject to poll
tax, and he had never been .called upon to list his
property and it had never been assessed for
taxes.

2. TAXATION ⊚⟿79—PERSONS LIABLE—OWN-
ERSHIP—TIME.

The ownership of property on the 1st day of
January of any year creates a liability on the
part of the owner for taxes levied upon such
property for that year.

3. SCHOOLS AND SCHOOL DISTRICTS ⊚⟿103(2)
—"TAXPAYING VOTER."

One otherwise qualified to vote at an elec-
tion in an independent school district to deter-
mine whether or not the district should levy an
additional school tax is a "taxpaying voter," if
liable for taxes on property, whether or not his
property has been assessed for taxes.

4. TAXATION ⊚⟿109—PROPERTY NOT RENDER-
ED FOR TAXATION.

If the owner of property does not render the
same for taxation, it should be put on the un-
rendered roll; and, if this is not done for any
year or series of years, back taxes may be col-
lected for such time as they are not barred by
limitation.

5. ELECTIONS ⊚⟿83—WHO ARE VOTERS—PAY-
MENT OF POLL TAX.

One who did not become a citizen of the
state until November 1, 1915, was a qualified
voter in an election held in January, 1916, un-
der Const. art. 6, § 2, although he paid no poll
tax for the year 1915, not being subject to such
a tax.

6. ELECTIONS ⊚⟿227(3)—IRREGULARITY—VOT-
ING AFTER HOURS.

Where judges of election were under the
impression that the hour for closing the polls
was 6 o'clock, and at that hour one of the judges
left the voting place, but no public announce-
ment was made that the polls were closed, per-
mitting one to vote a few minutes after 6 was
only an irregularity, which did not invalidate
the election.

Appeal from District Court, Coryell Coun-
ty; J. H. Arnold, Judge.

Suit by W. H. Winters and others to con-
test an election held in the Independent
School District of Evant. From a judgment
sustaining the election, the plaintiffs appeal.
Affirmed.

T. R. Mears, of Gatesville, for appellants.
H. E. Bell, of Gatesville, for appellee.

JENKINS, J. This was a suit to contest
an election held in the independent school
district of Evant, Coryell county, to deter-
mine whether or not said district should
levy an additional school tax of 25 cents on
the $100.

At said election there were cast for the
tax 41 votes, against the tax 39 votes. Ap-
pellants alleged that 3 of the votes cast for
the tax were illegal. The case was tried be-
fore the court, without a jury, and judgment
rendered for appellee. The court filed its
findings of fact, to which no complaint is
made, but appellants assign error as to the
conclusions of law reached by the trial
court.

[1] One vote contested is that of Mr. Jones,
whose only disqualification is alleged to be
that he was not a qualified property holding,
taxpaying voter. The court found that Mr.
Jones was 70 years old; therefore was not
subject to poll tax; that he owned property
in the school district subject to taxation,
which property had not been assessed for
taxes. The amount of property that he
owned was small; and he testified that he
had never been called upon to list his prop-
erty for taxation.

[2-4] The ownership of property on the 1st
day of January of any year creates a liability
on the part of the owner for taxes levied
upon such property for that year. Hillsman
v. Faison, 23 Tex. Civ. App. 398, 57 S. W.
921; Rhomberg v. McLaren, 2 Tex. Civ.
App. 391, 21 S. W. 571. A taxpaying voter,
who is otherwise qualified, does not mean
that his property must have been assessed for
taxes, but only that he is liable for the pay-
ment of such taxes. This liability is created
by assessment of taxes by the commissioners'
court. If the owner of property does not
render the same for taxation, it should be
put on the unrendered roll. If this is not
done for .any year or series of years, back
taxes may be collected on such unrendered
property for such time as the same is not
barred by limitation.

[5] The vote of Frank McCauley is chal-
lenged by appellants' assignment, on the
ground that he had not paid poll tax for the
year 1915. The election was held in Janu-
ary, 1916. Article 6, § 2, of the Constitution
of this state, after prescribing certain qual-
ifications as to citizenship and residence,
reads as follows:

"Provided, further, that any voter who is sub-
ject to pay a poll tax under the laws of the
state of Texas shall have paid said tax before
he offers to vote at any election in this state
and holds a receipt showing his poll tax paid
before the first day of February next preceding
such election."

---

McCauley did not become a citizen of Texas until about the 1st of November, 1915; and therefore he was not "subject to pay a poll tax under the laws of the state of Texas" for that year.

[6] Appellants assign error in counting the vote of Austin Sawyer, upon the ground that he did not vote until after the polls were closed. The facts as found by the court with reference to this voter are that the judges of the election were under the impression that the hour for closing the polls was 6 o'clock p. m., and that at that hour one of the judges left the voting place, but no public announcement had been made that the polls were closed. A few minutes after 6 o'clock, Sawyer presented himself, and demanded his right to vote, and was permitted to do so by the other judges. This, at most, was only an irregularity. For the views of this court as to the effect of irregularities upon the legality of an election, see the opinion in C. O. Moore v. C. H. Plott, 206 S. W. 958, written by Mr. Justice Brady, and filed today.

We overrule each and all of appellants' assignments of error, and affirm the judgment of the court below.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes