## BARRON et al. v. MATTHEWS et al.
### No. 746.

Court of Civil Appeals of Texas. Eastland.
May 23, 1930.

Rehearing Denied June 20, 1930.

B. W. Patterson, of Cisco, for appellants.

Garland & Yonge, of Lamesa, for appellees.

HICKMAN, C. J.

This is a statutory action prosecuted by appellents against appellees under title 50, chapter 9, arts. 3041 et seq., R. S. 1925, contesting an election held on July 6, 1929, in the Klondike independent school district of Dawson county, to determine whether such school district should issue its bonds and levy a tax to pay the same, for the purpose of constructing and equipping a school building. The appellees are the trustees of the independent school district. Prior to the filing of the contest the results of the election had been declared by appellees in favor of the issuance of the bonds and the levying of the tax. Appellants' grounds for their contest were that certain named persons had been permitted to vote at such election, who were not qualified electors under the Constitution and statutes of this state; such voters cast their votes in favor of the issuance of the bonds and levying of the tax; and that, disregarding the illegal votes cast, the election resulted in a majority against the issuance of the bonds and levying of the tax. Appellees replied, denying appellants' claims, and charging that certain other named persons who were not qualified voters had been permitted to vote at such election, and that these voters had cast their votes against the issuance of the bonds and levying of the tax. Upon the trial the court found, after eliminating certain votes for and against such bonds, that there still remained a majority of votes in favor thereof, and entered judgment that such election was legal and binding. Appellants excepted and have duly perfected their appeal.

The controlling question of law presented is contained in appellants' proposition No. 2, which reads as follows:

"To be a 'property taxpaying voter' at an election such as this, it is not sufficient that the elector have property subject to, and that the same has been rendered for taxation

to the school district for the current year in which the election is held, but it is necessary that the taxes be actually paid by the voter, or that he has paid taxes due by him to the school district for the previous year, if the taxes for the current year have not become due. And it appearing in this case that J. H. Flanigan, Artie Flanigan, Gynell Hill, Perry Medford, W. D. Boatwright, Earl Boyd and G. H. Hyatt, who voted for the issuance of the bonds, had not paid any taxes to the school district for either 1928 or 1929, their votes were illegal and should have been deducted from the total of votes cast in favor of such bonds."

The facts disclose that the voters who were challenged by this proposition actually owned property, subject to taxation, within the district. Their property had been assessed for taxes for the year 1929. They were otherwise qualified voters, and the question of law presented is, were they property tax paying voters under the provision of the Constitution of Texas, art. 7, § 3? This section reads, in part, as follows:

"* * * The legislature may authorize an additional ad valorem tax to be levied and collected within all school districts heretofore formed or hereafter formed, for the further maintenance of public free schools, and for the erection and equipment of school buildings therein; provided that a majority of the qualified property tax paying voters of the district voting at an election to be held for that purpose, shall vote such tax not to exceed in any one year one ($1.00) dollar on the one hundred dollars valuation of the property subject to taxation in such district. * * *"

With commendable frankness appellants concede that various courts of civil appeals have held contrary to their contention as to the meaning of "property tax paying voters," but insist that these decisions improperly interpret the language of the Constitution. With this view we cannot agree. The ownership of property subject to taxation renders one liable for the payment of taxes, and the fact of delinquency does not carry with it the penalty of being deprived of a vote at an election for the purpose of taxing the property. This question has been determined, and we think correctly, in the following cases: Rhomberg v. McLaren, 2 Tex. Civ. App. 391, 21 S. W. 571; Hillsman v. Faison, 23 Tex. Civ. App. 398, 57 S. W. 920; Kempen v. Bruns (Tex. Civ. App.) 195 S. W. 643; Winters v. Independent School District of Evant (Tex. Civ. App.) 208 S. W. 574.

Upon the authority of these cases, and because we believe they announce a correct interpretation of the constitutional requirement, we overrule proposition No. 2, and hold that the voters therein named were legally qualified to vote at the bond election.

The only Texas authority relied upon by appellants in support of this proposition is Cameron v. Connally, 117 Tex. 159, 299 S. W. 221, 222. We cannot agree that the authority supports the proposition. One of the questions certified in that case was: "If a resident taxpayer in the city of Waco has all the other qualifications required by the Constitution for a voter, is he entitled to vote in a bond election in the city of Waco, regardless of whether his name appears on the tax rolls of the city or not?" This question was answered by the Supreme Court in the affirmative. There is no holding in that opinion, as we construe it, that the actual payment of taxes is a prerequisite to the right to vote at a bond election.

Appellants have been fair enough to state in their brief that, unless this court agrees that proposition No. 2 states a correct conclusion of law, the sustaining of the remaining propositions contained in their brief would not change the result of the election. We cannot sustain the second proposition, and it therefore becomes unnecessary to consider any others.

The judgment of the trial court is affirmed.