

# THE ATTORNEY GENERAL

## OF TEXAS

**GROVER SELLERS**
~~XXXXXX XXXX XXXXXX~~ PERID
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin 11, Texas

Opinion No. O-6235

Re: Under the facts stated,
does the Amarillo Independ-
ent School District have
grounds for legal action
against the shareholders of
the American State Bank or
of the American National
Bank for taxes assessed
against the shareholders
or the American State Bank?

Dear Sir:

We are in receipt of your recent request for an
opinion upon the above captioned matter. You enclosed a letter
from Mr. George M. Waddill, Secretary of the Amarillo Public
Schools to Mr. L. A. Woods, State School Superintendent, pre-
senting the question which is as follows:

"Will you please submit the following information
to the Attorney General's Department and ask them for
a ruling:

Subject: Amarillo Independent School District
Versus American State Bank
Question of Tax Assessment January 1, 1936

The following information is taken from published
statement of the condition of the American State
Bank as of December 31, 1935:

| | |
|---|---|
| Capital Stock | $125,000.00 |
| Capital Debentures | 75,000.00 |
| | 200,000.00 |
| Surplus & Profits | 35,318.29 |
| Total | $235,318.29 |

In arriving at the proper amount to assess for

taxes, our Tax Assessor, Mr. M. H. Hardin, set up the following table:

| | |
|---|---|
| Capital Stock | $200,000.00 |
| Less Debentures | 75,000.00 |
| | 125,000.00 |
| Add Surplus & Undivided Profits | 35,320.00 |
| | 160,320.00 |
| Less Value of Real Estate as shown by Statement | 85,280.00 |
| Value of Personal Property Assessment | $ 75,040.00 |

The real estate was assessed separately at a valuation fixed by the Board of Equalization and was paid on accordingly. The matter in question is the assessment against the stockholders for the personal property. As a matter of fact, on January 11, 1936, which was eleven days after the above statement was published by the American State Bank, this institution ceased to do business, and it is represented by officers of the bank that the acceptable assets of the bank were transferred to the American National Bank in consideration of their assumption of liability to the depositors and creditors. It is further claimed that at the time of transfer, the stock of the bank had no value and, if it had no value on January 11, the day the actual transfer was made, there was no value on which to base these taxes on the year 1936 because there was no value of stock on January 1 of that year. It is further claimed that stockholders of the new bank that was formed were not the same stockholders of the old bank, as there were more than thirty stockholders of the old bank that did not participate in the organization and become stockholders of the new bank.

With the above information as a basis, the stockholders of the American State Bank claim there should be no liability for taxes assessed against them as of January 1, 1936 on the stock of the old bank which was liquidated or transferred to the American National Bank on January 11.

Up to this time, tax assessments by the Independent School District have not been paid, and members of the School Board wish advice as to whether there is ground for legal action against the stockholders

of the American State Bank or the stockholders of the
American National Bank for the taxes assessed against
the American State Bank as of January 1, 1936."

In rendering our opinion we are doing so upon the
assumption that a valid assessment was made against the share-
holders of the American State Bank and that the Equalization
Board passed upon the taxable value of the shares as rendered
and as assessed by your tax assessor.

The following quoted statutes are relevant to the question
under consideration, to wit:

Art. 7151 Vernon's Annotated Civil Statutes, 1925:
"All property shall be listed for taxation
between January 1 and April 30 of each year, when
required by the assessor, with reference to the
quantity held or owned on the first day of January
in the year for which the property is required
to be listed or rendered. Any property purchased
or acquired on the first day of January shall be
listed by or for the person purchasing or acquiring
it. If any property has, by reason of any special
law, contract or fact, been exempt or has been
claimed to be exempted from taxation for any period
or limit of time, and such period of exemption shall
expire between January 1, and December 31 of any
year, said property shall be assessed and listed
for taxes as other property; but the taxes assessed
against said property shall be for only the pro rata
of taxes for the portion of such year remaining.
Acts 1909, p. 373"

Art. 7145, V. A. C. S.:
"All property, real, personal or mixed,
except such as may be herinafter expressly ex-
empted, is subject to taxation, and the same shall
be rendered and listed as herein prescribed.
Acts 1876, p. 275; G. L. vol. 8, p. 1111."

Art. 7147, V. A. C. S.:
"Personal property, for the purposes of
taxation, shall be construed to include all goods,
chattels and effects, and all moneys, credits,
bonds and other evidences of debt owned by citi-
zens of this State, whether the same be in or
out of the State; all ships, boats and vessels
belonging to inhabitants of this State, if registered
in this State, whether at home or abroad, and all
capital invested therein; all moneys at interest,
either within or without the State, due the person,

to be taxed over and above what he pays interest for, and all other debts due such person over and above his indebtedness; all public stock and securities; all stock in turn-pikes, railroads, canals and other corporations (except national banks) out of the State, owned by inhabitants of this State; all personal estate of moneyed corporations, whether the owners thereof reside in or out of this State, and the income of any annuity, unless the capital of such annuity be taxed within this State; all shares in any bank organized or that may be organized under the laws of the  United States; all improvements made by persons upon lands held by them, the title to which  is still vested in the State of Texas, or in any railroad company, or which have been exempted from taxation for the benefit of any railroad company, or any other corporation whose property is not subject to the same mode and rule of taxation as other property. Acts 1879, p. 39; G. L. vol. 8, p. 1339."

Art. 7166, V. A. C. S.
"Every banking corporation, State or national, doing business in this State shall, in the city or town in which it is located, render its real estate to the tax assessor at the time and in the manner required of individuals.  At the time of making such rendition the president or some other officer of said bank shall file with said assessor a sworn statement showing the number and amount of the shares of said bank, the name and residence of each shareholder, and the number and amount of shares owned by him.  Every shareholder of said bank shall, in the city or town where said bank is located, render at their actual value to the tax assessor all shares owned by him in such bank; and in case of his failure so to do, the assessor shall assess such unrendered shares as other unrendered property.  Each share in such bank shall be taxed only for the difference between  its actual cash value and the proportionate amount per share at which its real estate is assessed.  The taxes due upon the shares of banking corporations shall be a lien thereon, and no banking corporation shall pay any dividend to any shareholder who is in default in the payment of taxes due on his shares; nor shall any banking corporation permit the transfer upon its books of any share, the owner of which is in default in the payment of his taxes upon the same.  Nothing herein shall be so construed as to tax national or State banks, or the shareholders thereof, at a greater rate than is assessed against other moneyed  capital

in the hands of individuals. Acts 1885, p. 106; G. L. vol. 9, p. 726."

It will be noted that said Article 7166, provides that the shares in a bank shall be taxed on the basis of the amount of personal property owned by the bank and that the personal property itself is not taxed.

The Supreme Court of Texas in the case of Childress County vs. State et al, reported in 92 S. W. (2d) 1011 in construing Art. 7151 (supra) used the following language:

"The foregoing article makes it clear that all property owned by persons on the first of January must be listed for taxation, and sale thereof shortly afterward does not affect the rule."

The ownership of property on the 1st day of January of any year creates a liability on the part of the owner for taxes levied upon such property for that year. Winters et al, vs. Independent School District of Evant, 208 S. W. 574. Hillsman vs. Faison 57 S. W. 921; Rhomberg vs. McLaren 21 S. W. 571.

It has been held that the action of a Board of Equalization in fixing the value and assessing property is final, and not reviewable by courts, even for gross undervaluation. Chicago R. I. & G. N. Railway Co. vs. State, 241 S. W. 255; State vs. Chicago R. I. & E. Railway Co., Comm. of App. 263 S. W. 249. It has been further held that the decisions of Boards of Equalization, in fixing taxable value of property involve an issue of fact and such decisions are judicial in their nature and are final. Early vs. City of Waco 3 S. W. (2d) 131. It has been further held that the determination by a Board of Equalization of the value of the property assessed for taxes cannot be disturbed by courts in absence of fraud, provided the board has performed its duties substantially in the manner prescribed by statute. Highland Park Independent School District of Dallas County, vs. Republic Insurance Company, 80 S. W. (2d) 1053.

It is stated in the quoted letter that the stockholders or shareholders claim that the stocks or shares as of January 1, 1936 were without value. This raises a fact issue which cannot be passed upon by the school board, and under the decisions the only way that same could be adjudicated would be by the courts. Under the decisions we doubt very seriously if the courts under the facts stated would go behind the action of the Equalization Board, in the absence of fraud.

It is therefore the opinion of this department that the Amarillo Independent School District has sufficient grounds for bringing legal action against the shareholders of the American State

Bank for the taxes assessed against said shareholders on the shares owned by them on January 1, 1936. It is also our opinion that the School District has no legal claim against the shareholders of the American National Bank, except those who held shares in the American State Bank on January 1st, 1936.

Trusting that the above and foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/     W. V. Geppert

By

APPROVED OCT. 10, 1944

W. V. Geppert
Assistant

/s/ Carlos   Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

By B.W.B.
Chairman

WVG:iw:elb